**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

YITING SHAO,
Plaintiff,

Case No. 1:26-cv-02555-DAE
Honorable David A. Ezra

v.

THE CORPORATIONS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",
Defendant.

_______________________________________/

**Defendant KCTAN STUDIO AND BEAUTY PROJECT'S MOTION TO DISMISS <u>FOR LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER</u>**

Defendant Cixzoc Co., Ltd. (Amazon Seller ID: A3LPLQKO7YPR04) ( "Defendant"), by and through undersigned counsel, respectfully moves the Court to dismiss the Complaint as to them under Federal Rule of Civil Procedure 12(b)(6) and 21 for improper joinder under 35 U.S.C. § 299, and under Rule 12(b)(6) for failure to state a claim because the asserted design patent is anticipated by prior art of which the Court may take judicial notice.

## I. INTRODUCTION

This is a Schedule A design-patent case. Plaintiff seeks to hold two independent Chinese online sellers liable for alleged infringement of U.S. Design Patent No. D1,140,268 S based on generic allegations that they sell similar cosmetic stamp products on TikTok. The asserted design is anticipated by a publicly available Chinese design patent that predates the filing date. Dismissal is required.

## II. FACTUAL BACKGROUND

Defendant is an independent online sellers of cosmetic products operating separate TikTok storefronts. It is not incorporated, organized, or registered to do business in Texas. Neither maintains an office, warehouse, employees, agents, property, or bank account in Texas, nor has either directed advertising specifically at Texas residents.

## III. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE THE ASSERTED DESIGN PATENT IS ANTICIPATED BY PRIOR ART OF WHICH THE COURT MAY TAKE JUDICIAL NOTICE

A complaint fails to state a claim under Rule 12(b)(6) when it does not contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a design-patent case, a plaintiff must plausibly allege infringement of a valid patent. Where the patent is facially anticipated by prior art that is subject to judicial notice, dismissal is appropriate.

The Court may take judicial notice of patents and published patent applications as public records under Federal Rule of Evidence 201. *See, e.g.*, *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993). Chinese Design Patent CN 309200079 S ("'079 Patent"), titled "Makeup Stamp," was filed on August 22, 2024, and granted on March 25, 2025—well before the April 15, 2025 filing date of the '268 Patent. A copy of `079 Patent is attached as Exhibit A. *See* Figure 1 below for the screenshot taken out of `079 Patent.




**Figure 1: `079 Patent**

The drawings of the ’079 Patent depict a capsule-shaped foldable makeup stamp with rounded ends, a bendable joint, and an open-state reference view showing the separated components with end caps. The overall ornamental appearance of a compact, foldable dual-ended cosmetic stamp is substantially the same as that claimed in the ’268 Patent (to the extent any ornamental features are claimed, given the extensive use of broken lines that disclaim large portions of the design). Under the ordinary observer test applicable to design-patent anticipation, the ’079 Patent anticipates the ’268 Patent. *See Int’l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240–41 (Fed. Cir. 2009); 35 U.S.C. § 102(a)(1).

Because the asserted design is anticipated by prior art that is a matter of public record and subject to judicial notice, the Complaint fails to state a claim for design-patent infringement. The Court should therefore dismiss the claims against these Defendant under Rule 12(b)(6).

**IV. DEFENDANT IS IMPROPERLY JOINED UNDER 35 U.S.C. § 299**

Section 299 restricts joinder of accused infringers in patent cases. Defendant may be joined only if (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, or selling of the same accused product or process, and (2) there are questions of fact common to all Defendant. 35 U.S.C. § 299.

Merely selling similar or even identical products online is not enough. Courts in Schedule A cases have repeatedly held that independent sellers who happen to offer comparable goods do not satisfy the “same transaction or occurrence” requirement of § 299. *See, e.g., Dongguan Saienchuangke Technology Co., Ltd. . The Partnerships & Unincorporated Ass’ns Identified on*

*Schedule "A,"* No. 24 C 60865 (S.D. Fla., Dec. 17, 2024)(misjoinder under § 299 ); *Collectanea J. Ltd. v. The Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25 C 4839 (N.D. Ill. Mar. 31, 2026) (dissolving preliminary injunction as to 252 Defendant for failure to satisfy joinder standards).

Plaintiff's Schedule A allegations are the classic boilerplate that courts have rejected: generic assertions that the Defendant sell similar products on online platforms, without any showing of a common transaction, coordinated activity, or shared manufacturing source linking this particular Defendant. Defendant is an independent online sellers. There is no allegation—and no evidence—that they acted in concert, shared ownership or control, coordinated advertising or pricing, or participated in a common scheme. It operates its own storefront and is responsible for its own sales. Independent sales of comparable goods by unrelated sellers do not constitute the "same transaction or occurrence" required by § 299.

In *Steel City Enterprises, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 6:25-cv-00335 (W.D. Tex. Mar. 28, 2026) (Schydlower, J.), the court denied the plaintiff's sealed ex parte TRO/PI-type motions against 64 mostly foreign Defendant. It criticized the Schedule A practice, noted the absence of summonses or completed service, the lack of early discovery on true identities, and the extraordinary nature of the relief sought without notice. It expressly referenced the growing judicial pushback in the Northern District of Illinois against Schedule A plaintiffs obtaining extraordinary relief on generic allegations.

While the order is not framed as a formal Rule 20 / § 299 severance ruling, it reflects the same reluctance to allow mass joinder of unrelated online sellers in a patent case and is the strongest on-point W.D. Tex. authority currently available.

Because Defendant is improperly joined under § 299, the claims against them should be dismissed or, in the alternative, severed under Rule 21.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint as to it for lack of personal jurisdiction under Rule 12(b)(2), for improper joinder under 35 U.S.C. § 299 (or, in the alternative, sever the claims under Rule 21), and for failure to state a claim under Rule 12(b)(6) because the asserted design patent is anticipated by prior art of which the Court may take judicial notice, and grant such other relief as the Court deems just and proper.

Dated: November 24, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.

Florida Bar No. 1007675

The Law Offices of James Liu PLLC

9000 SW 157th Street

Palmetto Bay, Florida 33157

Telephone: (305) 209-6188

Email: jamesliulaw@gmail.com

Counsel for Defendant Cixcoz Co., Ltd.